UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Cental Division)

In re

MARK R. REARDON,

Debtor.

Chapter 7
Case No. 09-40846-JBR

**NOTICE OF CHAPTER 7 TRUSTEE OF INTENDED PRIVATE SALE
OF PERSONAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS,
ENCUMBRANCES AND OTHER PROPERTY INTERESTS**
(40% Interest in Natural Market, Inc.)

NOTICE IS HEREBY GIVEN pursuant to 11 U.S.C. section 363, Rules 2002(a)(2) and 6004 of the Federal Rules of Bankruptcy Procedure, and MLBR 2002-5 and 6004-1, that Anne J. White, the duly-appointed chapter 7 trustee (the "Trustee") in the bankruptcy case of Mark R. Reardon (the "Debtor"), intends to sell at private sale the Debtor's right, title and interest in and to forty percent (40%) of the outstanding shares of the common stock in Natural Market, Inc., a corporation formed and existing under the laws of the Commonwealth of Massachusetts (the "Shares").

The Trustee has received an offer to purchase the Shares for the sum of Fifteen Thousand Seven Hundred and Fifty and 00/100 Dollars ($15,750.00) in cash from JM Partners LLC and/or its assigns ("JM Partners"). There is no relationship between JM Partners, Trustee and/or the Debtor.

JM Partners has paid a deposit in the sum of One Thousand Five Hundred and Seventy Five and 00/100 Dollars ($1,575.00). The terms of the proposed sale are more particularly described in a Motion of Chapter 7 Trustee for Order Authorizing and Approving Sale of Personal Property Free and Clear of All Liens, Claims, Encumbrances and Other Property Interests (the "Sale Motion") filed with the Court on September 24, 2009, and a written Offer to Purchase (the "Offer") dated as June 12, 2006 and attached to the Sale Motion as *Exhibit A*.

Pursuant to 11 U.S.C. § 363(b) and (f), the Shares will be conveyed to JM Partners free and clear of all liens, claims, encumbrances and other property interests. Any perfected, enforceable valid liens shall attach to the proceeds of the sale according to priorities established under applicable law.

Any objections to the proposed sale and/or higher counteroffers must be filed in writing with the Clerk of the United States Bankruptcy Court at 595 Main Street, Room 211, Worcester, MA 01608-2076, on or before 11/3, 2009 at 4:30 p.m. (the "Objection Deadline"). A

copy of any objection or higher offer also shall be served upon the undersigned. Any objection to the sale must state with particularity the grounds for the objection and why the intended sale should not be authorized. Any objection to the sale shall be governed by Rule 9014 of the Federal Rules of Bankruptcy Procedure.

Through this Notice, higher offers for the Shares are hereby solicited. Any higher offer (an "Overbid") must meet the following requirements:

1. Any Overbid must be accompanied by a cash deposit of One Thousand Five Hundred and Seventy Five and 00/100 Dollars ($1,575.00) in the form of a certified or bank check made payable to the undersigned;

2. Any Overbid must be on the same terms and conditions as those provided in the Offer, other than the purchase price and the breakup fee.

3. Any Overbid must include a purchase price of at least Seventeen Thousand Five Hundred and 00/100 Dollars ($17,500.00).

4. No Overbid shall include a breakup fee.

A hearing on the Sale Motion, objections or higher offers is scheduled to take place on Nov 12, 2009 at 11:30 A.m. before the Honorable Joel B. Rosenthal, United States Bankruptcy Judge, at the United States Bankruptcy Court, 595 Main Street, Worcester, MA 01608-2076. Unless permitted by the Bankruptcy Court to appear telephonically, any party who has filed an objection or higher offer is expected to be present at the hearing, failing which the objection will be overruled or the higher offer stricken. If no objection to the Sale Motion or higher offer is timely filed, the Bankruptcy Court, in its discretion, may cancel the scheduled hearing and approve the sale without hearing.

At the hearing on the sale the Court may (1) consider any request to strike a higher offer, (2) determine further terms and condition of the sale; (3) determine the requirements for further competitive bidding, and (4) require one or more rounds of sealed or open bids from the original offeror and any other qualifying offeror.

The deposit will be forfeited to the Estate if the successful purchaser fails to complete the sale by the date ordered by the Court. If the sale is not completed by the buyer approved by the Court, the Court, without further hearing, may approve the sale of the Shares to the next highest bidder.

Any questions concerning the intended sale shall be addressed to the undersigned.

                                                        ANNE J. WHITE,
                                                        Chapter 7 Trustee of the estate of
                                                        MARK REARDON,

By her attorneys,

/s/ Alex F. Mattera
Alex F. Mattera, BBO No. 641760
Demeo & Associates, P.C.
One Lewis Wharf
Boston, MA 02110
Telephone: (617) 263-2600
Facsimile: (617) 263-2300
Email: amattera@jdemeo.com

Dated: September ____, 2009

**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Central Division)

| In re | |
|---|---|
| MARK R. REARDON, | Chapter 7<br>Case No. 09-40846-JBR |
| Debtor. | |

## ORDER AUTHORIZING AND APPROVING PRIVATE SALE OF PERSONAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER PROPERTY INTERESTS
(40% Interest in Natural Market, Inc.)

THIS MATTER came before me upon the Motion of Anne J. White, the duly-appointed chapter 7 trustee (the "Trustee") in the bankruptcy case of Mark R. Reardon (the "Debtor"), for an Order Authorizing and Approving Sale of Personal Property Free and Clear of All Liens, Claims, Encumbrances and Other Property Interests (the "Sale Motion"). By the Sale Motion, the Trustee proposed to sell to JM Partners LLC and/or its assigns (the "Purchaser") the Debtor's right, title and interest in and to forty percent (40%) of the outstanding shares of the common stock in Natural Market, Inc., a corporation formed and existing under the laws of the Commonwealth of Massachusetts (the "Shares") for the sum of $15,750.00 (the "Purchase Price").

From a review of the Trustee's Sale Motion as well as the Notice of Sale submitted together therewith, it appears to the Court that the proposed private sale of the bankruptcy estate's right, title and interest in and to the Shares is in the best interests of the bankruptcy estate and its creditors. Proper notice having been given and due cause appearing therefor, it is hereby

FOUND AND DETERMINED THAT:

a. The proposed private sale of the bankruptcy estate's right, title and interest in and to the Shares is in the best interests of the bankruptcy estate and its creditors;

b. The Trustee afforded interested potential buyers a full, fair and reasonable opportunity to make a higher and better offer to purchase the Shares;

c. The Trustee provide adequate and sufficient notice of the sale of the Shares;

d. The offer of the Purchaser to purchase the Shares is the best offer received by the Trustee and the Purchase Price is fair, is in the best interest of the Debtors' estate and constitutes full and adequate consideration and reasonably equivalent value for the Shares; and

e. The Purchaser is not an insider, as that term is defined in section 101(31) of the Bankruptcy Code. The Purchaser is a buyer in good faith, as that term is used in the Bankruptcy Code and the decisions thereunder, and is entitled to the protections of section 363(m) of the Bankruptcy Code with respect to the sale of the Shares. The Offer to Purchase (the "Offer") was negotiated and entered into in good faith, based upon arm's length bargaining and without collusion. Neither the Trustee nor the Purchaser has engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code or cause the application of section 363(n) to the Offer or to consummation of the Sale to the Purchaser.

It is thereby ORDERED AND DECREED AS FOLLOWS:

1. The Trustee's Sale Motion is ALLOWED in its entirety. Accordingly, the Trustee is hereby authorized to sell the Shares to the Purchaser for Fifteen Thousand Seven Hundred and Fifty and 00/100 Dollars ($15,750.00).

2. The Offer and the transactions contemplated thereby be, and hereby are, approved and the Trustee, Purchaser and Debtor are hereby authorized and empowered and directed to enter into, and to perform their obligations under the Offer and this Order and to execute and perform such agreements or documents and take such other actions as are necessary or desirable to effectuate the terms of the Offer and this Order.

3. Pursuant to Sections 363(b) and (f), the Shares shall be transferred to the Purchaser free and clear of all liens, claims, encumbrances and other property interests. Valid liens, claims and encumbrances against the Shares, shall attach to the sale proceeds in the same order of priority, and to the same extent, as established by applicable law.

4.  The sale of the Shares to the Purchaser under the Offer and this Order will constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and all applicable law.

5.  The Purchaser is hereby granted and is entitled to the protections provided to a good faith buyer under section 363(m) of the Bankruptcy Code as part of the sale of the Shares pursuant to this Order.

6.  Natural Market, Inc., is hereby directed and ordered to amend its books and records to reflect the change in ownership of the Shares.

7.  This Order shall be binding upon, and shall inure to the benefit of, the Trustee, the Purchaser and the Debtor, together with their affiliates, successors and assigns, all parties holding claims against the Debtor, and each of their respective successors and assigns.

8.  This Court shall retain exclusive jurisdiction to enforce the provisions of this Order and to resolve any dispute concerning this Order, the Offer, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Offer and this Order, including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Shares and all issues and disputes arising in connection with the relief authorized herein.

9.  Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry pursuant to Rule 9006(c)(1).

SO ORDERED this ___ day of _____, 2009.


_____
Honorable Joel B. Rosenthal
United States Bankruptcy Judge